UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | | |
|---|---|---|
| JUAN T. LLOYD, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 0: 20-154-WOB |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID GREEN, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Juan T. Lloyd is an inmate confined at the Eastern Kentucky Correctional Center ("EKCC") in West Liberty, Kentucky. On December 17, 2020, Lloyd mailed a "Petition under 28 U.S.C. § 2263 for an Extension of Time to File a Writ of Habeas Corpus." [R. 1] There is some ambiguity as to where Lloyd intended to file his Petition: although he captioned the Petition for this Court, *see* [R. 1 at 1], Lloyd mailed it to the Louisville Division of the United States District Court for the Western District of Kentucky, *see* [R. 1 at 3]. Nonetheless, upon receiving the Petition the Clerk of the Western District mailed Lloyd's Petition to this Court, albeit to the wrong division. *See id*. Absent a clearer indication from Lloyd, the Court assumes he intended to file his Petition in this Court.

In his Petition Lloyd indicates that he is preparing to challenge his conviction and thirty-year sentence in collateral review proceedings in the Circuit Court of Jefferson County, Kentucky pursuant Kentucky Rule of Criminal Procedure 11.42. Lloyd notes that he has three years to file his RCr 11.42 motion, but only a one-year window to seek federal habeas relief

under 28 U.S.C. § 2254.  Noting his lack of legal training, Lloyd asks the Court to "grant [him] equitable tolling pursuant to Title 28 § 2263."

There are several reasons why Lloyd's request must be denied.  Most fundamentally, by its terms § 2263 is part of (and only relates to) petitions governed by Chapter 154 of Title 28.  Chapter 154 establishes special rules and procedures for habeas corpus proceedings in capital cases, but only in those states that have met the requirements of 28 U.S.C. § 2261 to "opt-in" to Chapter 154 and where the United States Attorney General has certified compliance pursuant to 28 U.S.C. § 2265.  But Lloyd was sentenced to a term of imprisonment, not death, and therefore his petition does not involve a capital case.  *See* [R. 1 at 1]; *see also Oldham v. Commonwealth*, 2018-SC-000073-MR, 2019 WL 5677625 (Ky. Oct. 31, 2019), *reh'g denied*, (Ky. Feb. 20, 2020).  In addition, Kentucky has not obtained certification for Chapter 154 to apply.  Section 2263 therefore has no application to Lloyd.  *Cf. Calderon v. Ashmus*, 523 U.S. 740, 742-43 (1998).  Given that fact, the motion is also unnecessary.  *See* 28 U.S.C. § 2244(d)(1)(A), (2).

Accordingly, it is **ORDERED** as follows:

1. Lloyd's "Petition under 28 U.S.C. § 2263 for an Extension of Time to File a Writ of Habeas Corpus" [R. 1] is **DENIED**.

2. This matter is **STRICKEN** from the docket.

This 30th day of December, 2020.



Signed By:
<u>William O. Bertelsman</u>  WOB
United States District Judge